Paul E. Schwerman, Esq. Informal Opinion Assistant Corporation Counsel No. 98-55 City of Poughkeepsie P. O. Box 300 Poughkeepsie, N Y 12602
Dear Mr. Schwerman:
You have asked whether an individual may serve as a member of the City of Poughkeepsie Planning Board and be employed by the Dutchess County Department of Planning and Development as the Transportation Program Administrator. The Administrator reports directly to the County Commissioner of Planning and Development and is responsible for coordinating transportation planning activities with federal, regional, state and local government agencies. Among other things, the Administrator also directs the development of the transportation model used to evaluate future transportation, land use and demographic changes in the County.
You have asked whether review by the County of some of the City Planning Board's proposed actions makes these positions incompatible. Section 12.02 of the Dutchess County Charter provides that the Commissioner of Planning "shall have all the powers and perform all the duties conferred or imposed by law upon . . . a county planning board." The Charter also creates an advisory County Planning Board and assigns it responsibility to consider and advise the Commissioner on "matters relating to metropolitan, regional, county or municipal planning." Id., § 12.03. Thus, matters referred under the terms of General Municipal Law §§ 239-1 and 239-m are reviewed by the Commissioner with the advice of the Board. Those sections require a municipal planning board to refer certain proposed actions to its county planning agency for review and recommendation. The municipal planning board may act contrary to the county's recommendation only by a vote of a majority plus one of the planning board's members. Id., § 239-m(5).
In our view, this circumstance does not make the positions you have asked about incompatible. Neither is subordinate to the other and there is no inherent inconsistency between them. Significantly, the General Municipal Law provision that authorizes creation of regional or county planning boards states that "[m]embers of municipal boards, bureaus or commissions, including but not limited to legislative bodies, planning boards or zoning boards of appeals, may serve as members of county or regional planning boards." General Municipal Law § 239-b(1). The statute goes on to state that
 [a]ny member of a municipal board who serves as a member of a regional or county planning board may participate in any deliberations of such county or regional board, but shall excuse himself or herself from any vote relating to a matter or proposal before such county or regional planning board which is or has been the subject of a proposal, application or vote before the municipal board of which he or she is a member. Id.
Similarly, the General City Law provision authorizing the creation of City Planning Boards provides that "[n]o person shall be disqualified from serving as a member of the city planning board by reason of serving as a member of a county planning board." General City Law § 27(12). Thus, the Legislature has determined that the statutory referral process described above does not disqualify one person from serving on both a City Planning Board and a County Planning Board even though the County Planning Board may review some of the City Planning Board's actions. Presumably, recusal was found to be an effective remedy to eliminate any conflicts of interests. General Municipal Law § 239-b(1).
In the situation you describe, there is a less direct connection between the positions because the Administrator will not be responsible for direct review of the City's proposed actions. The Administrator has responsibility for establishing broad transportation policies on a county-wide basis. Accordingly, the positions are compatible.
We conclude that the County Transportation Program Administrator may also serve on the City of Poughkeepsie Planning Board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General